## 14302. FREEMAN *v.* THE STATE.

That the person contracted with as landlord may not have had fee-simple title to the land which another contracted to cultivate as cropper would not prevent a conviction of the cropper of the offense of selling or disposing of a part of the crop without the consent of the landlord and before division and payment for advances, under section 729 of the Penal Code (1910).

There was evidence to authorize the verdict.

DECIDED APRIL 10, 1923.

Indictment for sale of crop by cropper; from Laurens superior court — Judge Kent. January 6, 1923.

*W. A. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

LUKE, J. The defendant was convicted of the offense of selling and disposing of a part of the crop grown by him without the consent of the landlord, during the time of the relation of landlord and cropper, before the crops had been divided and payment in full for all advances had been made. Penal Code (1910), § 729. There was evidence to authorize the verdict. The fact that the landlord may not have had fee-simple title to the premises upon which the crop was raised would not serve to change the relationship of landlord and cropper. The evidence was positive that the defendant contracted with the landlord and occupied the premises as the cropper of the landlord. The State had to go no further in its proof for the purpose of establishing the relationship of landlord and cropper. The trial judge having approved the verdict, it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*